OPINION
PER CURIAM.
William Brandon Cummings, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court’s dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)®. For the reasons set *142 forth below, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
Cummings is presently incarcerated at the State Correctional Institute at Somerset, Pennsylvania (“SCI-Somerset”). In October 2006, a jury sitting in the Court of Common Pleas of Delaware County convicted Cummings on charges of second degree murder, robbery, and possession of firearms without a license. The Honorable Patricia H. Jenkins presided over the trial. Since his conviction, Cummings has been unsuccessful in his efforts to obtain post conviction relief.[1]
In September 2008, Cummings commenced a civil rights action under 42 U.S.C. § 1983 against Judge Jenkins and the Commonwealth Officials involved in investigating and prosecuting his criminal case. In the complaint, Cummings alleged that his criminal conviction was unconstitutional. He sought damages and injunctive relief.
On December 9, 2008, 2008 WL 5188858, the District Court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Cummings submitted a timely motion for reconsideration, which the District Court denied on March 5, 2009. The present appeal followed.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). Because Cummings is proceeding in forma pauperis, we must review this appeal to determine whether it should be dismissed pursuant to § 1915(e)(2)(B)(i). We dismiss an appeal if it “lacks an arguable basis either in law or in fact.” Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
Upon review of the record, we agree with the District Court that Cummings’s claim is without merit. A plaintiff seeking damages for an unconstitutional conviction must prove “that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus, 28 U.S.C. § 2254.” Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Here, Cummings has not demonstrated that his conviction has been invalidated, nor has he shown that a court has issued a writ of habeas corpus. As such, the District Court correctly concluded that his claims for damages are not cognizable.
Additionally, Cummings’s request for “an emergency injunction in the form of release” is also without merit. As the District Court correctly noted, such a request may only be brought in a petition for a writ of habeas corpus, and not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); Torres v. Fauver, 292 F.3d 141, 145 (3d Cir.2002).
Finally, we have reviewed Cummings’s motion for reconsideration and the District Court’s March 5, 2009 order denying it, and conclude that the District Court did not abuse its discretion. Cummings’s motion did not present any newly discovered evidence or legal precedent, nor did it allege “the need to correct a clear error of law or fact or to prevent manifest injustice.” See Max’s Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).
*143 For the foregoing reasons, we conclude that this appeal lacks any arguable legal basis. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

. Cummings's most recent petition for post-conviction relief is currently pending in the Court of Common Pleas.